SHEPARD, Chief Justice.
Appellant Rose M. Sowders received three consecutive enhanced sentences for murder. While the aggravating cireum-stances warranted ordering consecutive sentences, using them to enhance the individual counts violates Blakely v. Washington. We remand for possible further consideration.
Facts and Procedural History
Rose M. Sowders pled guilty but mentally ill to three counts of murder. The trial court found a total of four aggravating circumstances, including: 1) a substantial level of planning and aforethought; 2) failure to accept responsibility; 3) a lack of remorse; and 4) certain cireumstances of the crimes (shots fired at close range, defenseless victims, the young age of one of the victims, a demonstrated level of callousness, and a fair amount of time for reflection between murders). The court found two mitigating cireumstances-no criminal history and mental illness. It sentenced Sowders to sixty-two years for count I, fifty-seven years for count II, and fifty-seven years for count III, all to run consecutively. The fixed term presumptive sentence for murder is fifty-five years. Ind.Code Ann. § 35-50-2-8(a) (West 2004).
Analysis
Sowders preserved a Blakely claim in her initial appellate brief by challenging her sentence and arguing Blakely on rehearing. See Smylie v. State, 823 N.E.2d 679, 689-91 (Ind.2005); (Appellant's Br. at 9-14). The Court of Appeals affirmed Sowders' sentence, Sowders v. State, 813 N.E.2d 448 (Ind.Ct.App., 2004), and then denied her petition for rehearing. We grant transfer to address Sowders' Blakely claim, but summarily affirm the Court of Appeals' disposition of her claim about certain mitigators. Ind. Appellate Rule 58(A).
Sowders' enhanced sentences were based on various aggravating factors that were neither prior convictions, nor reflected in the jury's verdict, nor admitted by Sowders. Also, Sowders did not stipulate to the relevant facts or consent to judicial factfinding when she pled guilty. The enhancements were thus improper. Blakely, 542 U.S. at -, 124 S.Ct. at 2536-37, 2541; United States v. Booker, 543 U.S. -, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005).
 The consecutive sentences, however, do not violate Sowders' Sixth Amendment right to trial by jury. See Smylie, 823 N.E.2d at 686. The aggravating circumstances the court found were adequate to support consecutive sentences.
Conclusion
We vacate the trial court's enhancement of the sentences for each crime and remand with instructions to impose three consecutive sentences of fifty-five years unless the State elects to prove aggravating circumstances before a jury.
*20 DICKSON, BOEHM, and RUCKER JJ., concur.
SULLIVAN, J., concurs and dissents with separate opinion.